[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a foreclosure action by Willis F. Zieger which involves the same parties and the same documentation as the case of New England Savings Bank v. Village Brook Plaza Limited Partnership, et al, Docket No. 51 53 44 in the Superior Court for the Judicial District of New London at New London.
Both Willis F. Zieger and New England Savings Bank have moved for Summary Judgment with regard to the issue of the priorities as between their respective mortgages.
While both parties have fully documented their request for Summary Judgment the claims are not significantly different than those raised at an earlier time in the New England Savings Bank v. Village Brook Plaza Limited Partnership case which was decided by this court by its Memorandum of Decision on January 4, 1991.
This court will take judicial notice of that file as to the issue of priorities.
It should be noted that the only question raised by this case and its predecessor is whether or not a previously recorded purchase money mortgage should be subordinated by a court of equity to a subsequent construction mortgage even though it has not actually been subordinated by the parties because of a contractual provision in which the purchase money mortgagee agreed to execute a subordination agreement in the future.
The question, therefore, is whether or not the issue of priorities having been previously determined is now res judicata as to the parties herein.
This was a matter of first impression when reviewed in the prior case and the analysis of the law was thoroughly analyzed at that time. The court in that decision relied upon a "first in time — first in right" analysis.
All parties had a full opportunity to argue this issue in the previous case. Because of that the court finds that the prior determination of the matter of priorities to be res judicata as to the parties involved in the Motions for Summary Judgment. Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392
(1988); Corey v. Avco-Lycoming Division, 163 Conn. 309, 317
(1972). CT Page 6918
The Motion for Summary Judgment of the plaintiff is granted to give him priorities as against the defendant New England Savings Bank. The bank's motion is denied.
This matter is considered an interlocutory ruling regarding the issue of priorities only. Connecticut Practice Book section 385.
Leuba, J.